## BAGGALEY v. AETNA INS. CO.

### No. 7029.

Circuit Court of Appeals, Seventh Circuit.

April 4, 1940.

Benjamin V. Becker and Don M. Peebles, both of Chicago, Ill., for appellant.

Robert Branand, Jr., and Edward B. Hayes, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a decree in admiralty dismissing libelant's libel by which he sought to recover under a policy of marine insurance issued by the respondent. The policy contained a clause insuring against loss or damage to the hull or machinery of the yacht "Barbara" "through the negligence of master, mariners, engineers, and pilots, * * * provided such loss or damage has not resulted from want of due diligence by the owners of the Vessel, or any of them, or by the manager."

In the year 1932, and for several years prior thereto, the libelant was the owner of the yacht "Barbara." At the end of the summer of 1931 the yacht was laid up for the winter 1931–32. In April or May, 1932, the libelant made an agreement with one Mattson to overhaul the engines, Mattson's principal work being to regrind or recondition the fuel injector valves of the Diesel engines. Libelant testified that he instructed Mattson to complete the work on the engines and to lay the boat up for the winter. This occurred about the first of July, 1932. In laying up a boat for the winter the engines must be drained of water, the seacocks which are attached to the pipes leading from the engines to the outside water must be closed and packed with oily waste, and a winter housing must be placed upon the boat covering it from the top to deck. For libelant to establish his claim it was necessary to show that Mattson had failed to drain the water out of the water jackets surrounding the Diesel engines and also had failed to close the seacocks attached to the pipes leading from the engines to the outside water of the Chicago River where the boat was moored; and it was necessary for libelant further to show that during the month of November, 1932, the water in the engines had frozen, causing portions of the engines to crack.

It is not questioned that the damage, if chargeable to Mattson's negligence, was the result of his failure to perform the usual acts required to "lay up" libelant's yacht. Consequently, libelant's case depended ultimately upon libelant's being able to establish that Mattson's negligence caused the damage and that Mattson was acting as engineer of libelant's yacht "Barbara" at the time that he negligently performed the

work entrusted to him by libelant. The District Court found that Mattson was working on libelant's boat in 1932 as a mechanic while the "Barbara" lay tied to the dock under winter housing; that the boat had no crew on her at any time in 1932; that when, in a prior year, libelant employed Mattson in the capacity of engineer he paid him $300 a month, and, in addition, furnished quarters for himself and family on the boat; and that in respect to the work in 1932 Mattson was answerable to libelant only for completed results and was paid by the job, the price for his work being the sum of $100.

The evidence introduced by libelant establishes beyond question that Mattson had been employed as engineer on the yacht "Barbara" prior to the time that the boat had been laid up for the winter of 1931–32. Libelant testified that when the boat was laid up for the winter of 1931–32 the Diesel engines and the generator engine were drained of water; the seacocks were closed and packed with oily waste and that the winter housings were placed on the boat by the Keith Boat and Engine Company. The boat remained in that condition until Mattson was engaged in April or May of 1932 to overhaul the engines. In connection with the overhauling it was necessary to run the engines in order to test them and this required the use of the water circulating system. To use the circulating system it was necessary to open up the seacocks and remove the oily waste therefrom. After Mattson had overhauled the engines and had tested them he was told by libelant to lay the boat up for the winter since "it would not go out that year." The libelant testified that he made financial advancements to Mr. Mattson during the winter of 1931–32, but it appears from his testimony that Mattson was not employed during that period in any capacity for services connected with the boat. It is clear that Mattson was free to seek employment elsewhere since libelant testified that "he (Mattson) was unable to secure employment and had been practically supported by me throughout the following winter."

Plaintiff-appellant cites the dictionary definition of the word "engineer" which defines the word as follows: "One who manages or runs any stationary or locomotive engine; an engine driver;—in British usage restricted to a certified man who has a 'watch' in the engine room and stokehole of a steamship."

On the basis of the foregoing the plaintiff urges that "in completing the work upon the Yacht 'Barbara' when the negligent acts were committed, Mattson was managing or running the engines and was an 'engine driver.'" Plaintiff further urges that the foregoing is the common meaning of the term and is controlling in the instant case. But granting that the foregoing definition of engineer would satisfy the term "engineers" as used in the marine policy in suit, we cannot conclude that the kind of "managing or running" of the boat engines which Mattson engaged in made him an "engine driver" within even the definition relied upon by plaintiff. The "managing or running" in the instant case was merely incidental to the repair work and was for the purpose of testing the work. Considering the type of service which Mattson was rendering it is impossible to avoid the conclusion that he was performing the work of an engine mechanic. Considering the circumstances of his employment, we are forced to the conclusion that his relation to the libelant was that of an employee to repair the engines of the boat as a mechanic.

The foregoing conclusion must be reached, we think, even if we should adopt the definition of "engineer" contended for by plaintiff. But we are of the opinion that in construing the word "engineers" we must consider the special type of policy involved and must not isolate the term from its context. The particular peril insured against is "the negligence of master, mariners, engineers, and pilots * * *". In view of the context the term "engineers" obviously refers to persons performing the function of engineers on boats engaged in seafaring activities, and the peril insured against is the negligence of masters, mariners, engineers or pilots in their respective capacities as seamen employees. It would not follow from what we are saying that one who is in fact acting as a boat engineer would cease to be such if he were to engage in the work performed by Mattson, if such work could be said to be reasonably related to the normal functions of a boat engineer. But the converse is not true, that one who is engaged to perform purely mechanical work on the engines of a boat becomes an engineer within the meaning of the policy while performing such work. For example, if at the end of the season in 1931 Mattson, while still acting in the capacity of the yacht's engineer, and as incident to his duties as such en-

gineer, had been negligent in laying up the boat for the winter and as a result had caused damage thereto, there would be substantial ground for contending that any damage resulting from his negligence would come within the protection of the policy. But under the evidence presented by libelant it is clear that Mattson was not employed by libelant as the yacht's engineer at the time that libelant authorized him to overhaul and repair the engines. It is also clear that the agreement between libelant and Mattson respecting the work was not intended to be a contract of employment as engineer of the boat. Consequently, unless we can say that the employment of Mattson for the particular work which he performed establishes, as a matter of law, an employment as engineer of the yacht, we must conclude that he was not an engineer within the meaning of the term "engineers" as used in the policy. We cannot say that; but on the contrary we are of the opinion that the District Court correctly stated as a conclusion of law that libelant had "failed to prove that at any time during 1932 Mattson was employed on the yacht Barbara as an engineer so as to bring him within the meaning of the policy * * * sued on."

In view of our foregoing conclusion it is unnecessary to discuss other questions which are urged in the briefs.

The judgment of the District Court is affirmed.