**Aurelian F. WIGLE, Plaintiff**

v.

**AETNA CASUALTY AND SURETY COMPANY, Hartford, Connecticut, a Connecticut corporation, Defendant.**

**Civ. A. No. 17640.**

United States District Court
E. D. Michigan, S. D.

Sept. 21, 1959.

Watson, Lott & Wunsch, Detroit, Mich., for plaintiff.

Foster, Meadows & Ballard, Detroit, Mich., for defendant.

MARTIN, Circuit Judge, sitting by designation.

The Court accepts as findings of fact the stipulation and agreement of facts between the parties, submitted through their respective attorneys, September 1, 1959.

#### Conclusions of Law.

With respect to the law governing this case, the Court finds the following controlling rules of law:

(1.) Insurance policies cover only risks, not certainties. Therefore, a policy insuring against "perils of the sea" covers only fortuitous events resulting in loss, rather than events which must happen. Perils of the sea must be "of the sea" and not merely "on the sea". Where omissions of the owner-assured and his friends on board are the sole direct, effectual and proximate cause of the sinking, there is no loss by "peril of the seas".

(2.) The clause in a marine insurance policy covering damage directly caused by the negligence of "master, mariners, engineers or pilots" was not intended to pertain to losses caused by friends of the owner-assured engaged in "laying up" his ship. The term "engineers" obviously refers to persons performing the function of engineers on boats engaged in seafaring activities, and the peril insured against is the negligence of masters, mariners, engineers or pilots in their respective capacities

as seamen employees. Baggaley v. Aetna Ins. Co., 7 Cir., 111 F.2d 134.

[5] (3.) Even if those engaged in "laying up" a ship can be said to come under the definition of master, mariners, engineers or pilots as set out in the policy of marine insurance, where such persons' negligent losses are covered only if such losses have not resulted from want of due diligence by the owner-assured, and the owner-assured is himself on the boat and directing their activities, there is a lack of due diligence.

"If a loss is directly caused by the negligent acts of omission or commission of the insured or his agents, and no peril insured against by the express terms of the contract supervenes, the underwriters are not liable, and this includes misconduct of the insured or his mismanagement as well as the mismanagement or negligence of the master or mariners, so far as they may be held to represent the insured as his agents, exercising the discretion, and acting in pursuance and within the limit, of the authority conferred." Couch on Insurance, § 1490.

(4.) Whether a boat is "laid up and out of commission" during the time warranted in a marine insurance policy depends upon whether its condition conforms with the well established local custom and practice as to laying up similar vessels in the particular area where the damage to the boat occurred. Providence Washington Ins. Co. v. Lovett, D.C. R.I., 119 F.Supp. 371, 374.

In the light of the foregoing rules of law the court concludes that the sinking of plaintiff's boat was occasioned neither by a "peril of the sea" nor by the negligence of master, mariners, engineers or pilots within the scope of coverage of the policy of marine insurance on plaintiff's boat, issued by the defendant corporation, "Exhibit B". Rather the sinking was directly caused by the omissions of plaintiff and his friends aboard plaintiff's boat while it was not properly laid up, as warranted in the policy, "Exhibit B".